NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1043

WELLS FARGO BANK, NATIONAL ASSOCIATION, trustee,[1]

vs.

HABIB ABI-SAAD & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On February 4, 2025, in this postforeclosure summary process action, a Housing Court judge allowed a motion for summary judgment for the plaintiff, Wells Fargo Bank, National Association, as trustee of the Securitized Asset Backed Receivables LLC Trust 2005-FR2 Mortgage Pass-Through Certificates, Series 2005-FR2 (Wells Fargo), and denied a motion for summary judgment for the defendants, Habib Abi-Saad, Mary T. Abi-Saad, and Zachary Abi-Saad, who are the former owners of the property at issue.  The defendants appeal from the summary

_____

[1] Of the Securitized Asset Backed Receivables LLC Trust 2005-FR2 Mortgage Pass-Through Certificates, Series 2005-FR2.

[2] Mary T. Abi-Saad and Zachary Abi-Saad.

judgment, contending that a February 25, 2008 assignment (assignment) of a mortgage on the subject property to Wells Fargo is void, thereby corrupting the chain of title and invalidating the subsequent foreclosure. In particular, they contend that the judge erred in ruling that the assignment contained an "adequate specific reference by book and page to the underlying mortgage at issue," and in ruling that the assignment adequately identified the assignee as Wells Fargo. We affirm.

Background. The following facts are not disputed. The defendants granted a mortgage secured by the subject property to Fremont Investment & Loan on January 13, 2005, and on February 25, 2008, Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Fremont Investment & Loan, executed an assignment intended to assign that mortgage to "Wells Fargo Bank National Association, as Trustee for Freemont [sic] Investment & Loan SABR 2005-FR2 by: Saxon Mortgage Services Inc. as its attorney-in-fact."

This case focuses on two versions of a pre-printed "ASSIGNMENT OF MORTGAGE" form that leaves blank spaces to be filled according to the particular facts of the transaction: one version when the assignment was executed, and the other version when the assignment was recorded. When the assignment was executed (but not yet recorded), it stated,

2

> "[MERS] its successors and assigns, does hereby grant, sell, assign, transfer and convey, unto X _____, a corporation organized and existing under the laws of _____ (herein "Assignee"), whose address is _____ its successors and assigns, all its right, title and interest in and to a certain Mortgage dated January 13, 2005, made and executed by Mary T. Abi-Saad and Habib Abi-Saad whose address is [address of the subject property] to and in favor of Hiatt & Hoke, LLP."

A handwritten "X" appears in two places on the form.[3] As noted above, the first "X" designates the location where the assignee's name should be inserted. The second "X" is further below on the form and is followed by a stamp certification stating, "Wells Fargo Bank National Association, as Trustee for Freemont [sic] Investment & Loan SABR 2005-FR2 by: Saxon Mortgage Services Inc. as its attorney-in-fact." The executed assignment identifies the original mortgagee as "Hiatt & Hoke, LLP," an unrelated third party, rather than MERS. The assignment as executed does not include the book and page number at which the mortgage was recorded at the Plymouth County registry of deeds. However, the assignment is signed by an assistant vice president of "Mortgage Electronic Registration Systems, Inc (MERS) as nominee for Fremont Investment & Loan, its successors and assigns."

---

[3] The defendants contend that there is a discrepancy in the record in the reading of the assignment, specifically that the "X" could be read as a "C." From our reading, the defendants seem incorrect, but in any event this does not involve a genuine issue of material fact.

The assignment as recorded on March 19, 2008, differs from the unrecorded version. The recorded version includes two handwritten additions: (1) the name, state of organization, and address of the assignee "Wells Fargo Bank National Association, as Trustee for Freemont [sic] Investment & Loan SABR 2005-FR2," with the name appearing immediately after the first "X" in the blank space provided for the name of the assignee,[4] and the state of organization and address in the designated blank spaces; and (2) the book and page number of where the mortgage was recorded in the previously blank spaces designated for them. The recorded assignment still contains a reference to the original mortgagee as "Hiatt & Hoke, LLP," and the same signatures.

On February 8, 2024, Wells Fargo conducted a foreclosure sale on the subject property, in accordance with G. L. c. 244, § 14, and the property was sold to Wells Fargo. On April 11, 2024, Wells Fargo served the defendants with a notice to quit. On April 24, 2024, Wells Fargo served the defendants with a summary process summons and complaint for possession of the subject property.

Discussion. "We review a decision on a motion for summary judgment de novo." Federal Nat'l Mtge. Ass'n v. Rego, 474 Mass.

---

[4] This handwritten notation duplicated the information present on the assignment as executed.

4

329, 332 (2016) (Rego). "Summary judgment is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Id. On cross motions for summary judgment, we consider the evidence in the light most favorable to the party against whom judgment has entered. E.g., Dorrian v. LVNV Funding, LLC, 479 Mass. 265, 270-271 (2018).

Here, the defendants contend that (1) the assignment as executed failed to satisfy the requirements of G. L. c. 183, § 54B; and (2) the assignment was executed with a blank assignee, and therefore the assignment is void. Even if we were to consider the assignment as executed, rather than as recorded,[5] we disagree with both contentions.

An assignment of a mortgage executed before a notary public "by a person purporting to hold the position of president, vice president, treasurer, clerk, secretary, cashier, loan

---

[5] The defendants rely on an unpublished decision from the United States District Court for the District of Massachusetts for the proposition that adding an assignee's name subsequently to an assignment executed in blank does not make the void assignment valid. See Southbridge RE, LLC vs. Kiavi Funding Inc., U.S. Dist. Ct., No. 21-30061 (D. Mass. Mar. 29, 2023) ("if the assignment had been executed in blank, then the subsequent addition of an assignee would be an improperly altered version of blank assignment and its recording would be an improper effort to resurrect a void document . . . by altering it after execution" [quotation and citation omitted]). Because we conclude that the unrecorded, executed assignment identified the proper assignee, we need not decide which document is controlling.

representative, principal, investment, mortgage or other officer

. . . of the entity holding record title thereto on behalf of

such entity . . . shall be binding upon such entity."  G. L.

c. 183, § 54B (2006).  Here, as the motion judge correctly

noted, the assignment as executed satisfied the requirements of

§ 54B because

> "it is undisputed that MERS was the record holder of the
> mortgage at the time the mortgage was assigned to Wells
> Fargo.  It is also undisputed that the formal assignment
> here recited that the person signing on behalf of MERS was
> an assistant vice-president of that company, and that the
> assignment included an attestation that the signatory
> personally appeared and executed the document before a
> notary public."

See Bank of N.Y. Mellon Corp. v. Wain, 85 Mass. App. Ct. 498,

503 (2014) (Wain) (assignment satisfied requirements of § 54B in

similar circumstances as here).  Cf. Sullivan v. Kondaur Capital

Corp., 85 Mass. App. Ct. 202, 211-213 (2014) (assignment did not

satisfy § 54B where assignment did not specify signatory's

authority to assign on behalf of assignor).

It is true that the assignment as executed misidentified

the original mortgagee and failed to provide a book and page for

the recorded mortgage.  However, this does not render the

mortgage being assigned unclear where the assignment identified

the original execution date of the mortgage, property securing

the mortgage, and the amount of the mortgage.  See G. L. c. 183,

§ 54B.  Likewise, it is of no consequence that the assignment

incorrectly named "Hiatt & Hoke, LLP" as the mortgagee because such an error, at worst, might provide a basis to render the assignment voidable by a party of interest, but not void.  See Wells Fargo Bank, N.A. v. Anderson, 89 Mass. App. Ct. 369, 372-373 (2016) (alleged irregularities of "robo-signing" in assignment do not contest whether assignment was void but rather voidable) (Anderson); Sullivan, 85 Mass. App. Ct. at 206 n.7 ("A deficiency in an assignment that makes it merely voidable at the election of one party or the other would not automatically invalidate the title of a foreclosing mortgagee, and accordingly would not render void a foreclosure sale conducted by the assignee or its successors in interest").  The defendants do not have standing to claims that a defect in the assignment rendered it voidable.  See Anderson, supra; Wain, 85 Mass. App. Ct. at 502-504.

We also disagree that the assignment was executed with a blank assignee.  See U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 652 (2011) ("a conveyance of real property, such as a mortgage, that does not name the assignee conveys nothing and is void; we do not regard an assignment of land in blank as giving legal title in land to the bearer of the assignment").  On the executed assignment, the first handwritten "X" in the place of the assignee corresponded with the second handwritten "X" further down the same page that was immediately followed by the

7

stamp certification stating the full name of the assignee.  Cf. id. at 641 & n.11 (assignment in blank did not specify assignee where assignment stated, "FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to _____ all beneficial interest under that certain Mortgage dated December 1, 2005[,] executed by Antonio Ibanez").  Thus, there was adequate reference to the assignee, Wells Fargo.

Accordingly, the assignment is not void, and Wells Fargo was entitled to judgment as a matter of law.  See Rego, 474 Mass. at 332.

Judgment affirmed.

By the Court (Desmond, Hand & Hodgens, JJ.[6]),

*Paul Little*

Clerk

Entered:  July 20, 2026.

---

[6] The panelists are listed in order of seniority.